Webb, Judge.
This sixteen-year-old juvenile appeals his conviction by the Juvenile Court on two counts of burglary, charging that the court erred in denying his motion to suppress a confession and that there was insufficient evidence to corroborate the confession. He asserted also that the court erred in refusing to grant his motion to dismiss. There is no merit in his contentions, and we affirm.
The juvenile was picked up by Newton County authorities about 11:30 p.m. on June 12, 1978 at the request of the Butts County sheriffs department. Before turning the boy over to the Butts County deputies the Newton County officers called his father and asked if he would come and pick up his son, but he declined. Newton County or Covington police then delivered the boy to Butts County law officers at the county line shortly after midnight, and he was placed in the juvenile detention cell in the City of Jackson at 12:51 a.m. on June 13. At approximately 5 to 5:30 p.m. on that day he was taken by a juvenile probation officer and a deputy sheriff to the home of the boy’s father. There he was advised of his rights, signed a waiver, and gave a statement concerning the two burglaries. The boy’s father was present during the time and joined his son in signing both the statement and the waiver.
There was no violation of the eighteen hour rule set out in Code Ann. § 24A-1403 (a) (4 C), no reason appears for the suppression of thé confession, and there was no error in denying the motion to dismiss.
There was adequate testimony about the burglaries *227 to prove the corpus delicti independent of the confession, and to authorize the juvenile’s conviction. D. C. A. v. State of Ga., 135 Ga. App. 234 (3) (217 SE2d 470) (1975).
Submitted November 7, 1978
Decided November 22, 1978.
William P. Bartles, for appellant.
E. Byron Smith, District Attorney, Hal Craig, Assistant District Attorney, for appellee.

Judgment affirmed.

Quillian, P. J., and McMurray, J., concur.